**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| James Tytil Wright,<br><br>   Petitioner<br> v.<br><br>Warden, *Broad River Correctional Institution*,<br><br>   Respondent | Case No. 0:22-1102-RMG<br><br><br>**ORDER AND OPINION** |

  This matter is before the Court on the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 20), recommending Respondent's motion for summary judgment (Dkt. No. 14) be granted and Petitioner's petition for habeas relief under 28 U.S.C. § 2254 be dismissed. Petitioner filed objections to the R & R (Dkt. No. 24). For the reasons set forth below, the Court agrees and adopts the R & R as the order of the Court. Accordingly, Petitioner's petition for writ of habeas corpus is dismissed.

**I. Background**

  Petitioner, a state prisoner proceeding pro se, filed this petition for write of habeas corpus under 28 U.S.C. § 2254. (Dkt No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02, this matter was automatically referred to a United States Magistrate Judge for pretrial handling. Respondent then filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 14). Petitioner then filed a response in opposition to the motion, (Dkt. No. 17). The Magistrate Judge then issued the present R & R. (Dkt. No. 20). Petitioner then filed objections to the R & R (Dkt. No. 23). The matter is now ripe for the Court's review.

1

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for doing so." *Caldwell v. Jackson*, 831 F.Supp. 2d 911, 914 (M.D.N.C) (listing cases).

## III. Discussion

After careful review of the record, the R & R, the Petitioner's objections, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R & R as the order of the Court. As found by the Magistrate Judge, this petition is properly dismissed pursuant to the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The Magistrate Judge correctly found that the statute of limitations should not be tolled for either equitable tolling or actual innocence.

### A. Equitable Tolling

A petition for habeas corpus must be filed within one year of the latest of several dates given by statute, 28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The limitations period is also equitably tolled in extraordinary circumstances. *Holland v. Florida*, 130 S. Ct. 3549, 2560 (2010). A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted).

The Magistrate Judge correctly found that there is no basis for equitable tolling of the limitations period, and Petitioner's objection to that finding is unavailing. The Magistrate Judge specifically found that Petitioner cannot show that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way such that he is entitled to equitably toll the statute of limitations. (Dkt. No. 20 at 9). In his objection, Petitioner largely repeats arguments he has previously raised. (*Compare* Dkt No. 1 at 13 ("There is inadequate mail room staff"), *with* Dkt No. 24 at 2-3 ("Also during the time petitioner was diligently pursuing collateral review of his sentence, there was no mailroom staff."). The Magistrate Judge considered and correctly rejected Petitioner's arguments in the R & R. (Dkt. No. 20 at 6-9). Petitioner further objects that he was diligent in because he "sent his application to have it copied and notarized at the end of Oct. 2021." Dkt. No. 24 at 3. This objection is unsuccessful because the application would still be untimely even if the Court received the application in October of 2021. Moreover, this objection does not show diligence from the time period May 5, 2021, when Petitioner's PCR application was exhausted, to October of 2021. Accordingly, Petitioner's objections to the equitable tolling portions of the R & R are overruled.

### B. Actual Innocence

To present a claim of actual innocence, a petitioner must present "new reliable evidence—whether it be exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

The Magistrate Judge correctly found that Petitioner's proffered evidence does not demonstrate "actual innocence," and Petitioner's objection to that finding is unavailing. In his objection, Petitioner presents the same evidence and repeats arguments he made in opposition to Respondent's motion for summary judgment. (*Compare* Dkt. No. 17 at 1 ("In support of Petitioners claim of actual innocence, Petitioner submits affidavits from state witness Tyshon Barnes and his brother, who state Petitioner is innocent"), *with* Dkt. No. 24 at 2 ("Petitioner submitted two affidavits, one from the states chief witness, who state he lied for the state at my unconstitutional trial and an affidavit from state's witness brother who corroborates state's chief witness, that petitioner was coerced and forced to commit these offenses.")). The Magistrate Judge considered and correctly rejected Petitioner's arguments and evidence in the R & R. (Dkt. No. 20 at 9-13). Accordingly, Petitioner's objections to the actual innocence portions of the R & R are overruled.

## IV. Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.C.t. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## V.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt No. 20) as the Order of the Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 14). The Court **DISMISSES** Petitioner's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 and **DENIES** a Certificate of Appealability.

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

October 31, 2022
Charleston, South Carolina